Filed 11/5/25 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ATLANTA FALCONS et al., | |
| Petitioners, | G064622 |
| v. | (WCAB Case No. ADJ10110126) |
| WORKERS' COMPENSATION APPEALS BOARD and WAYNE GANDY, | ORDER MODIFYING OPINION AND DENYING PETITIONS FOR REHEARING; NO CHANGE IN JUDGMENT |
| Respondents. | |

The petitions for rehearing filed by respondents are DENIED. For the avoidance of doubt, the cost award imposed by the opinion is properly assessed against respondent Wayne Gandy, not against the Workers' Compensation Appeals Board, which is a tribunal inferior to this court in the same or a similar manner as the Superior Court.

It is hereby ordered that the opinion be modified as follows:

On page 11, in line 13 of footnote 6, remove italics from the phrase "residing in California."

On page 14, in the second sentence of the disposition, replace the sentence "The Falcons shall recover costs on appeal," with "The Falcons shall recover costs in connection with this writ proceeding."

There is no change in the judgment.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

DELANEY, J.

2

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ATLANTA FALCONS et al., <br><br> Petitioners, <br><br> v. <br><br> WORKERS' COMPENSATION APPEALS BOARD and WAYNE GANDY, <br><br> Respondents. | G064622 <br><br> (WCAB Case No. ADJ10110126) <br><br> O P I N I O N |

Original proceedings; petition for review. Petition granted.

Bober, Peterson & Koby and Timothy A. Peterson for Petitioner Atlanta Falcons.

Seyfarth Shaw, Robert E. Buch; Dimaculangan & Associates and Stuart Okin for Petitioner St. Louis Rams.

Anne Schmitz, Allison J. Fairchild and Shiloh Rasmusson for Respondent Workers' Compensation Appeals Board.

Pro Athlete Law Group, Kaleena VanGalio and Roy E. LaFrancis, Jr., for Respondent Wayne Gandy.

Wayne Gandy spent 15 years—from 1994 to 2009—as a professional football player with the National Football League (NFL). He played with the Los Angeles Rams (LA Rams) during the 1994 season, his first with the NFL. He played the next three years with the St. Louis Rams (STL Rams) under the contract he had signed in California with the LA Rams, but he never again played for a California team. He played for the Pittsburgh Steelers (Steelers) from April 1999 to February 2003, the New Orleans Saints (Saints) from March 2003 to April 2006, and finally, petitioner Atlanta Falcons (Falcons) from April 2006 until his retirement in February 2009.

Six years after he retired, Gandy filed a claim in California for workers' compensation, claiming a cumulative injury to multiple body parts. The workers' compensation judge (WCJ) who heard Gandy's claim issued an opinion determining the Falcons were exempted from liability under California workers' compensation law pursuant to Labor Code section 3600.5, subdivisions (c) and (d).[1] The WCJ's opinion also determined Gandy was exempted from coverage under the same provisions.[2] The Workers' Compensation Appeals Board (the WCAB), on reconsideration, determined it had jurisdiction over Gandy's claim and rescinded the WCJ's opinion.

We find the Falcons are exempted under sections 3600.5(c) and (d). The WCAB's opinion and decision after reconsideration is therefore

---

[1] All further statutory references are to the Labor Code. For ease of reference, subdivisions (a), (c), and (d) of section 3600.5 will be referred to as sections 3600.5(a), 3600.5(c), and 3600.5(d).

[2] The WCAB opinion did not address the liability of any team other than the Falcons. Our opinion is correspondingly limited to the issue of the Falcons' liability under California workers' compensation law.

annulled and the matter is remanded for further proceedings consistent with this opinion.

FACTS

In September 2015, Gandy filed a claim for workers' compensation with the State of California, asserting he suffered a cumulative injury during his 15 seasons with the NFL. He initially named the LA Rams and the STL Rams as his employers, but later added the Steelers, the Saints, and the Falcons as additional employers.

In June 2019, Gandy's claim went to trial on three issues: (1) whether California has jurisdiction over Gandy's claim; (2) whether jurisdiction should be exercised in light of the choice of law and forum selection clauses in Gandy's contracts with the Falcons and the Saints (*McKinley v. Arizona Cardinals* (2013) 78 Cal.Comp.Cases 23); and (3) whether Gandy's claim against the Falcons was barred by the applicable statutes of limitation.

The following evidence was either stipulated to by the parties or presented at trial. Gandy was employed by the LA Rams from July 1994 to sometime in 1995, the STL Rams from sometime in 1995 to February 1999, the Steelers from April 1999 to February 2003, the Saints from March 2003 to April 2006, and the Falcons from April 2006 to February 2009. The contract Gandy signed with the LA Rams in California covered his employment both with the LA Rams and the STL Rams. During his years with the STL Rams, Gandy played a total of seven games in California. During the last decade of his employment as a professional football player, Gandy played a total of eight games in California—two with the Steelers, four with the Saints, and two with the Falcons. In addition, Gandy spent a

week of practice in California during his three-year employment with the Saints.

The WCJ issued an opinion finding the Falcons provided workers' compensation insurance coverage for Gandy under the laws of a state other than California and that such insurance provided coverage for Gandy in Georgia and California for all the relevant time Gandy was working for the Falcons. Based on the stipulated facts and evidence, the WCJ found both Gandy and the Falcons were exempted from the provisions of California's workers' compensation law pursuant to section 3600.5.[3] Gandy successfully petitioned for reconsideration by the WCAB.

The WCAB issued an opinion and decision after reconsideration (the WCAB opinion), that rescinded the WCJ's order and found the WCAB had jurisdiction over Gandy's claim. The WCAB took the position, in line with its previous decision in *Hansell v. Arizona Diamondbacks* (2022) 87 Cal.Comp.Cases 602, that it has jurisdiction under section 3600.5(a) over any athlete who *ever* signed a contract in California or with a California team, regardless of subdivisions (c) or (d), and it therefore had jurisdiction over Gandy's claim because, during his first season in the NFL, he signed a contract with a California team. The WCAB also determined any choice of law/forum selection clause(s) should not be enforced.[4]

The Falcons petitioned this court for a writ of review. We granted the petition.

---

[3] The WCJ's opinion did not address whether the Steelers or the Saints were exempted.

[4] The WCAB opinion deferred deciding whether Gandy's claim for compensation was barred by the statute of limitations set forth in section 5405.

4

The issue we must decide is one of statutory interpretation—specifically, whether the Falcons are exempted from the provisions of California's workers' compensation law in connection with Gandy's claim. Relying on section 3600.5(d), the WCJ determined the Falcons were exempted. Relying on sections 5305 and 3600.5(a), the WCAB determined it had subject matter jurisdiction over Gandy's claim regardless of sections 3600.5(c) and (d).

Questions of statutory interpretation are reviewed de novo. (*Department of Corrections & Rehabilitation v. Workers' Comp. Appeals Bd.* (2025) 17 Cal.5th 510, 520.) "We begin with the text, considering the ordinary meaning of the statutory language as well as the text of related provisions, terms used elsewhere in the statute, and the structure of the statutory scheme. [Citation.] If the text is clear, we must give effect to it. If, however, the text is ambiguous, we may consult extrinsic sources, including the legislative history. [Citation.] In ascertaining the statutory meaning, we accord appropriate weight to the interpretations adopted by the Workers' Compensation Appeals Board in the course of official proceedings. [Citations.] But if 'the agency's interpretation is clearly erroneous or unauthorized under the statute, we will not give effect to its understanding of the statute.'" (*Id.* at pp. 520–521.)

In interpreting statutory language, "[w]e do not presume that the Legislature performs idle acts, nor do we construe statutory provisions so as to render them superfluous." (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 22; see *Los Angeles County Employees Retirement Assn. v. County of Los Angeles*

(2024) 102 Cal.App.5th 1167, 1209, review granted Oct. 16, 2024, S286264 [appellate court must "'strive to give meaning to every word in a statute [or initiative] and to avoid constructions that render words, phrases, or clauses superfluous'"].)

Where two statutes appear to be in conflict, "'"[a] court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions."'" (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955.) If the statutes cannot be harmonized, "one must be interpreted as providing an exception to the other." (*Id.* at p. 956.) "The rules we must apply when faced with two irreconcilable statutes are well established. 'If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation].' [Citation.] But when these two rules are in conflict, the rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence." (*Id.* at p. 960.)

II.

WORKERS' COMPENSATION JURISDICTION FOR CALIFORNIA EMPLOYEES

The California workers' compensation system "is solely a creation of the Legislature, and thus its fundamental subject matter jurisdiction is limited by statute. Article [XIV], section 4, of the California Constitution provides that the Legislature 'is . . . expressly vested with plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers' compensation, by appropriate legislation.' [Citation.] Thus, in the absence of a statute affirmatively conferring subject matter jurisdiction over a claim to the WCAB, it lacks the power to

6

adjudicate that claim." (*Tripplett v. Workers' Comp. Appeals Bd.* (2018) 25 Cal.App.5th 556, 562.)

Pursuant to the power granted by Article XIV, section 4, "the Legislature enacted the [Workers' Compensation Act]—a comprehensive statutory scheme governing compensation given to California employees for injuries incurred in the course and scope of their employment. (§ 3201 et seq.)" (*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 810.)

California's workers' compensation coverage extends beyond California employees who are injured while working in California. Under section 3600.5(a), employees who have entered contracts of employment in California or who work regularly in California and are injured while working outside of California are also covered. (§ 3600.5(a) ["If an employee who has been hired or is regularly working in the state receives personal injury by accident arising out of and in the course of employment outside of this state, he or she, or his or her dependents, in the case of his or her death, shall be entitled to compensation according to the law of this state"]; see also § 5305 ["The Division of Workers' Compensation, including the administrative director, and the appeals board have jurisdiction over all controversies arising out of injuries suffered outside the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of the injury and the contract of hire was made in this state"].) Even when the employment is intended to take place entirely outside of California, the employee is covered by California's workers' compensation law for any injury occurring during that employment, so long as the contract of employment is entered into in California. (See *Bowen v. Workers' Comp. Appeals Bd.* (1999) 73 Cal.App.4th 15, 17, 26 (*Bowen*) [a California resident who "suffered an

7

injury in Florida while playing professional baseball for a minor league team owned by the Florida Marlins" was covered under California workers' compensation law because the player signed the contract in California].)

## III.

## CALIFORNIA WORKERS' COMPENSATION COVERAGE GENERALLY DOES NOT EXTEND TO EMPLOYEES HIRED OUTSIDE OF CALIFORNIA WHO DO NOT REGULARLY WORK IN CALIFORNIA

Employees hired outside of California and who do not regularly work in California generally are exempted from coverage by California's workers' compensation law, even when the employee is injured while working in California. (§ 3600.5, subd. (b)(1) ["An employee who has been hired outside of this state and his or her employer shall be exempted from the provisions of this division while the employee is temporarily within the state doing work for his or her employer if the employer has furnished workers' compensation insurance coverage under the workers' compensation insurance or similar laws of a state other than California"].)[5]

In 2013, the Legislature added sections 3600.5(c) and 3600.5(d) to section 3600.5, to explicitly address a specific subset of workers' compensation claims: cumulative injury claims by professional athletes. (Stats. 2013, ch. 653, § 1.) Section 3600.5(c) reads, in pertinent part: "With respect to an occupational disease or cumulative injury, a professional athlete who has been hired outside of this state and his or her employer shall be exempted from the provisions of this division while the professional athlete is

---

[5] The other state is also required to recognize the extraterritorial provisions of California's workers' compensation law and to exempt California employers and employees from application of that state's workers' compensation law. (§ 3600.5, subds. (b)(1)(A) & (B).)

8

temporarily within this state doing work for his or her employer if" the employer provides workers' compensation or its equivalent for the athlete under the laws of another state and that compensation covers the athlete's employment in this state. (*Id.*, subd. (c)(1).) In such a case, "the benefits under the workers' compensation insurance or similar laws of the *other state*, and other remedies under those laws, *shall be the exclusive remedy* against the employer for any . . . cumulative injury . . . ." (*Id.*, subd. (c)(2), italics added.) A professional athlete is "temporarily within" California if he or she "performs less than 20 percent of his or her duty days in California" "during the 365 consecutive days immediately preceding" the last day of work for that employer within California. (*Id.*, subd. (c)(3).)

Gandy's last day of work for the Falcons in California was a November 30, 2008 game against the San Diego Chargers. In the 365 days preceding that date, Gandy's total duty days included four games and at least 250 practice days. None of the practices and only one of the games was in California—less than 20 percent of Gandy's duty days during the relevant period. The Falcons are therefore exempt under the terms of section 3600.5(c).

But that is not the end of the inquiry. As the WCAB recognized, Gandy was, in fact, hired as a professional football player in California (albeit by the LA Rams, not by the Falcons) at one point early in his 15-year NFL career. Therefore, section 3600.5(c) raises a question: what happens when a professional athlete is hired both by California and non-California teams over the course of his or her career and suffers a cumulative injury or occupational disease arising from that career?

Section 3600.5(d) provides a clear answer. It specifies that both a professional athlete claiming a cumulative injury and his or her employer are

9

exempted when "all of the professional athlete's employers in his or her last year of work as a professional athlete are exempt from this division pursuant to subdivision (c) or any other law, unless both the following conditions are satisfied": (1) "[t]he professional athlete has, over the course of his or her professional athletic career, worked for two or more seasons for a California-based team" or "worked 20 percent or more of his or her duty days either in California or for a California-based team" *and* (2) the professional athlete has "worked for fewer than seven seasons for any team or teams other than a California-based team or teams." (§ 3600.5, subd. (d)(1).)

In other words, if all the employers in the last year of an athlete's career are exempt—under section 3600.5(c) or otherwise—the athlete's career is not governed by California worker's compensation law unless the athlete satisfies two conditions: (1) he or she spent either two or more seasons or 20 percent of his or her total career working in California or for a California-based team; *and* (2) he or she spent fewer than seven total seasons working for any non-California team or teams. Gandy fails both tests. He was employed for 15 seasons, only one of which was in California with a California based team, and he worked fewer than 20 percent of his duty days in California or for a California-based team. Therefore, section 3600.5(d) exempts both Gandy and the Falcons from California worker's compensation law.

## IV.

### INTERPRETING SECTION 3600.5

Looking at section 3600.5, the WCAB opinion found an ambiguity between section 3600.5(a)—which provides coverage for California employees injured while working outside of California—and sections 3600.5(c) and (d), which set forth exemptions from coverage for cumulative injuries suffered by

10

professional athletes. Specifically, the WCAB opinion concluded: "the phrase 'a professional athlete who has been hired outside of this state' in section 3600.5, subdivision (c) is ambiguous as applied to a claim like [Gandy's], where the applicant has California contracts of hire, but not with the particular employer that is asserted to be exempt pursuant to the subdivision."

After examining the legislative history relating to sections 3600.5(c) and (d), the WCAB determined "the Legislature did not intend for [sections 3600.5(c) and (d)] to apply to athletes who have been hired in California by at least one employer during the cumulative trauma injury period."[6] The WCAB's interpretation is fundamentally flawed.

---

[6] In reviewing the legislative history, the WCAB relied heavily on the Legislature's stated desire not to "impact or alter in any way the decision of the court in [*Bowen*]". (Stats. 2013, ch. 653, § 3.) The WCAB argues this shows the Legislature did not intend sections 3600.5(c) and (d) to apply to professional athletes who had been hired in California at any time during what the WCAB called the "cumulative trauma injury period." *Bowen*, however, did not address either a cumulative injury claim or a player hired by more than one team. Rather, it addressed whether Bowen, a California resident who entered into a player's contract in California and was injured in a game in Florida while playing for a Florida team, was covered by California workers' compensation. The court answered that question in the affirmative: "we conclude that under sections 3600.5 and 5305 an employee who is a professional athlete *residing in California*, such as Bowen, who signs a player's contract *in California* furnished to the athlete here by an out-of-state team, is entitled to benefits under the act for injuries received while playing out of state under the contract. This is so even though the team has not yet signed the contract . . . ." (*Bowen, supra*, 73 Cal.App.4th at p. 27, italics added.) Had Gandy's career ended after his seasons with the LA Rams and STL Rams, *Bowen* would control and his claim would be viable before the California WCAB. Instead, his career continued for many years with other, non-California teams under contracts entered in other states, distinguishing his situation from that in *Bowen*.

11

The overriding problem with the WCAB's interpretation is that it renders superfluous the plain language of section 3600.5(d), which specifically addresses professional athletes who ultimately suffer a cumulative injury after having been hired by one or more California-based teams at some point in their career. A "'California-based team'" is one that plays a majority of its home games in California. (§ 3600.5, subd. (g)(1).) Under sections 3600.5(c) and (d), a professional athlete claiming a cumulative injury who has worked for both a California employer and other employers is exempted from coverage under California's workers' compensation law if all the teams in his or her final year of employment as a professional athlete are exempt, *unless* the athlete worked for fewer than seven total seasons for non-California teams *and* worked for California teams or in California for at least two seasons or 20 percent of his or her total career duty days. Under the plain language of sections 3600.5(c) and (d), a single California contract or a single season of full-time, regular work in California is not, by itself, enough. The WCAB's interpretation completely (and improperly) ignores this statutory language. (*Shoemaker v. Myers, supra,* 52 Cal.3d at p. 22 [we do not "construe statutory provisions so as to render them superfluous"].)

The WCAB contends its reading of the statute does not render section 3600.5(d) superfluous because it could still apply in a situation in which the employee is hired by a California-based team, but under a contract entered in another state, with the employee assigned to play for an out-of-state affiliate, such that he or she does not regularly work in California. This argument strains credulity.

Significantly, in determining whether a particular contract is a California contract for hire, California courts ordinarily apply a liberal construction of both the law *and the facts* in favor of finding California

12

jurisdiction. (*Bowen, supra,* 73 Cal.App.4th at p. 25.) The *Bowen* court explained through a series of examples that this rule allows even a relatively minimal connection between the contract and the State of California to be sufficient to construe the contract as a California contract for hire, even if the typical rules of contract interpretation would deem the contract to have been made somewhere else. (*Id.* at pp. 20–25.) Accordingly, it is unlikely a California-based team would *ever* be determined to have entered a non-California contract for hire, for the simple reason that the California-based team's location in California would supply the necessary connection to California to deem the contract a California contract.

The Legislature's purpose in enacting section 3600.5(c) and (d) was to limit the extent to which California workers' compensation benefits would be available to professional athletes suffering from cumulative injuries suffered over a course of years. More specifically, the legislature's purpose was to "essentially prohibit[] professional athletes employed by out of state teams from filing California workers' compensation claims," while "allow[ing] some of these athletes who have defined prior contacts with California teams to file claims." (Assem. Conc. Sen. Amends. to Assem. Bill No. 1309 (2013–2014 Reg. Sess.) as amended Sept. 5, 2013, p. 3.) Interpreting section 3600.5 in the manner proposed by the WCAB would fly in the face of this purpose by allowing any athlete with a cumulative injury who was *ever* hired by a California-based team to assert a claim in California. It also flies in the face of the statutory language itself, as section 3600.5(d) clearly contemplates that some athletes who previously worked for California-based teams in California will not be covered.

Moreover, even if sections 3600.5(a), (c), and (d) were in conflict (and we do not find they are), sections 3600.5(c) and (d), as the later and more

13

specific enactments, would take precedence over the earlier and more general section 3600.5(a). (*State Dept. of Public Health v. Superior Court, supra,* 60 Cal.4th at pp. 960–961.)

The Falcons are exempted from California's workers' compensation law in connection with Gandy's claimed cumulative injury.[7]

## DISPOSITION

The WCAB opinion is annulled, and the matter is remanded for further proceedings consistent with this opinion. The Falcons shall recover costs on appeal.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

DELANEY, J.

---

[7] This finding renders moot the remaining issues tried before the WCJ, namely: (1) whether the WCAB should honor the choice of law/forum selection provisions in Gandy's contract with the Falcons, and (2) whether Gandy's claim is time-barred. It also makes it unnecessary for us to address the Falcons' argument that due process would preclude application of California workers' compensation law to it with respect to its hiring of Gandy in Georgia, for work to be performed primarily in Georgia.